UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF VIRGINIA

(Harrisonburg Division)

| | |
|---|---|
| Jay L. Marts and Dana Newcomb, )<br><br>Plaintiffs, )<br><br>v. )<br><br>Edgardo Cortes, )<br>Commissioner )<br>Virginia Department of Elections )<br> (in his official capacity) )<br><br>The Republican Party of Virginia, Inc., and )<br><br>The Frederick County Republican Committee. )<br><br>Defendants. ) | Case No. 5:17cv000022<br>Jury Trial: Yes |

COMPLAINT

Parties

1.    The parties to this Complaint are:

   a.    Plaintiff, Jay L. Marts, lives at 280 Enchanting Drive, Winchester, Virginia 22603-2766. His telephone number is (410) 440-1344.

   b.    Plaintiff, Dana Newcomb, lives at 2691 Hunting Ridge Road, Winchester, VA 2603.  His telephone numbers are:  (540) 722-4655 (h) and 703 772-3539 (cell).

   c.    Defendant No. 1, Edgardo Cortes, is the Commissioner of the Virginia Department of Elections located at 1100 Bank Street, Richmond, VA 23219. The telephone number is (804) 864-8901.  This action is brought against him in his official capacity.

   d.    Defendant No. 1 (hereinafter "VDOE") is a government defendant.

1

e.      Defendant No. 2 is the Republican Party of Virginia, Inc. (hereinafter "RPV"). The name and address of the registered agent for RPV is: John L. Findlay, 115 East Grace Street, Richmond, Virginia 23219. The telephone number is (804) 780-0111. John L. Findley is also the Executive Director of the Republican Party of Virginia.

f.      Defendant No. 3 is the Frederick County Republican Committee (hereinafter FCRC). The name and address of Chairman of the FCRC is: Rose Focht, 107 Keswick Court, Winchester, VA 22602. Her email is: rosefocht@yahoo.com.

### Jurisdiction and Venue

2.      The basis for jurisdiction of this complaint is a deprivation of rights, privileges and immunities secured by the United States Constitution by state and local officials and private persons or entities, acting under color of law and for which a remedy is provided for in 42 U.S.C. § 1983.

3.      Jurisdiction is also appropriate under 28 U.S.C. §1331 as this Complaint arises under the Constitution of the United States and 28 U.S.C. §1343(a)(3) and (4) as this Complaint presents questions and seeks relief regarding the deprivation of rights, under color of law, arising under the Constitution of the United States, specifically the right to vote or run for office.

4.      The violation against which a remedy is sought is against the Republican Party of Virginia and Republican party officials, whom, under Virginia law are permitted to conduct nominating elections, from preventing the Plaintiffs from voting or being candidates in a party run nomination process for local, state and federal candidates for violating party rules for an undefined term of four years.

2

5.     Venue in this district is appropriate because a substantial part of the events or omissions giving rise to the claim occurred in Frederick County, Virginia, and, therefore, venue in the Harrisonburg Division of this Court is appropriate under 28 U.S.C. §1391(b)(2).

Statement of Claim

6.     RPV is a political party in the Commonwealth of Virginia organized for the purposes of promoting the principles and policy objectives of the Republican Party and electing nominated Republican candidates to public office.

7.     RPV operates under a Plan of Organization (hereinafter "Plan") which defines the requirements for membership, party organizational structure, the process for election of party officials, methods of nomination for candidates for public office and how party members deemed errant may be disciplined or removed.  A copy of the Plan is attached as Exhibit A.

8.     Section (A)(1) of Article I-Participation in Party Actions of the Plan provides:

> All legal and qualified voters under the laws of the Commonwealth of Virginia, regardless of race, religion, national origin or sex, who are in accord with the principles of the Republican Plan Party, and who, if requested, express in open meeting either orally or in writing as may be required their intent to support all of its nominees for public office in the ensuing election may participate as members of the Republican Party of Virginia in its mass meetings, party canvasses, conventions, or primaries encompassing their respective election districts.

9.     Under the Plan, the "party actions" listed in Article I can be held to either nominate candidates for public office, party office or both.

10.     Under the Plan, "qualified voters" can participate in "party actions" as candidates, delegates to Conventions and voters either in Mass Meetings, Party Canvasses and Primaries.

11.     Under Section (A)(2) of Article I of the Plan, "a voter who, subsequent to making a statement of intent (in a party candidate nominating process), publicly supports a candidate in

3

opposition to a Republican nominee shall not be qualified for participation in party actions as defined in Article I for a period of four (4) years."

12.    Section (A)(4) of the Plan states:

In addition to the foregoing, to be in accord with the principles of the Republican Party, unless otherwise stipulated by the appropriate Official Committee, a person otherwise qualified hereunder shall not have participated in Virginia in the nomination process of a party other than the Republican Party within the last five years.

13.    For voters who have participated in the candidate nomination process of another party within five years of a Republican candidate nomination process, an exception is available. Section (A)(5) of Article I states:

A single exception to Paragraph 4 shall be approved for a voter that renounces affiliation with any other party in writing, and who expresses in writing that he/she is in accord with the principles of the Republican Party and intends, at the time of the writing, to support the nominees of the Republican Party in the future. Any voter that utilizes the foregoing exception, and thereafter participates in the nomination process of a party other than the Republican Party, shall not have the benefit of the exception identified in this paragraph thereafter.

14.    Under  the Plan, a voter who changes parties and invokes Section (A)(5) to participate in a Republican "party process" and thereafter changes parties again must wait five years to participate in another Republican "party process."

15.    There is no corresponding exception in the Plan for errant Republicans who have violated Section (A)(2).

16.    There is no basis for discriminating against errant Party members by providing an exception only for participants in the election processes of other political parties, but not for participants in Republican "party actions."

4

17.   Under Article 2 of the Party Plan, the definition of "official committee" includes the State Central Committee, District Committees, Legislative District Committees and each Unit Committee.

18.   The State Chairman of the Republican Party of Virginia is John Whitbeck.

19.   The Republican Party Chairman of the Tenth Congressional District is Jo. A.S. Thoburn.

20.   The Frederick County Republican Committee (hereinafter FCRC) is the "unit" and "official committee" to which the Plaintiffs had been elected and were members prior to being removed.   The FCRC is in Virginia's Tenth Congressional District.

21.   Article I Sanctions were sought against the Plaintiffs three times, first at the RPV Tenth District Convention at Stone Bridge High School in Ashburn, Virginia on April 16, 2016, again at the Quadrennial Convention at the James Madison University Convocation Center in Harrisonburg, Virginia on April 29-30, 2016 and again at the May 24, 2016 meeting of the FCRC.

22.   Plaintiff Jay L. Marts participated in a mass meeting of the Frederick County Republican Committee held on April 27, 2015.  According to the Participant Registration Form signed by Jay L. Marts on March 12, 2015 the purpose of the meeting was:

> (T)o select a Republican nominee for each of the offices of:  Commissioner of the Revenue;  Treasurer;  Sheriff;  Commonwealth's Attorney;  Clerk of the Circuit Court;  Board of Supervisors Chairman at Large;  Board of Supervisors for the Back Creek District; Board of Supervisors for the Gainesboro District; and Board of Supervisors for the Opequon District to be voted on in the General Election on November 3, 2015.

23.   The Participant Registration Form signed by Plaintiff Jay L. Marts contained the following Article I statement of intent pledge with an incorrect year: "I hereby certify that I am

5

in accord with the principles of the Republican Party and that it is my intent to support all Republican candidates in the 2011 General Elections."

24.    Subsequent to attending the mass meeting and signing the statement of intent, Plaintiff Jay L. Marts:

a.  Made reportable campaign contributions to Shawn Graber, an independent candidate running for the Back Creek Magisterial Supervisor District on August 29, 2015 and November 2, 2015;

b.  On October 28, 2015, created a Facebook post promoting Mark Berg, an independent write in candidate for the Virginia House of Delegates;

c.  On October 31, created a Facebook post supporting independent candidate for Board of Supervisors Shawn Graber;

d.  On November 2, 2015, published a letter to the editor in the Winchester Star supporting independent candidates Shawn Graber and Mark Berg;  and

e.  On November 3, 2015, Mr. Marts stood in front of various polling places handing out literature supporting independent candidates Mark Berg, Scott Madigan and Shawn Graber.

25.    A copy of a Credentials Committee Memorandum from Jo. A.S. Thoburn to the Credentials Committee, John Whitbeck, and John Findley, RPV's Executive Director, which includes the statement of intent signed by Jay L. Marts and copies of the aforementioned letter to editor, political contributions and Facebook posts cited against him attached hereto as Exhibit B."

26.    Plaintiff Dana Newcomb was listed by the FCRC as having attended the Frederick County Mass Meeting on April 27, 2015.

27.    Subsequent to attending the mass meeting Plaintiff Dana Newcomb:

6

a. Wrote a letter to the Winchester Star published on October 30, 2015, advocating voters write in Mark Berg for election to the Virginia House of Delegates 29th District rather than Chris Collins who was the Republican nominee; and

b. On October 28th and 29th, 2015, shared a Facebook post by Plaintiff Jay L. Marts advocating voters elect Mark Berg to the House of Delegates rather than Chris Collins who was the Republican nominee.

28. RPV does not have a copy of a Participant Registration Form signed Dana Newcomb, but relies on a blank Participant Registration Form. Unlike the form signed by Jay L. Marts, the blank form cited against Dana Newcomb contains the correct year of 2015, rather than 2011 in the election support pledge.

29. Also cited against Dana Newcomb is a spreadsheet showing he attended the April 27, 2015, Mass Meeting.

30. A copy of a Credentials Committee Memorandum from Jo. A.S. Thoburn to the Credentials Committee, John Whitbeck, and John Findley, which includes the blank statement of intent, spreadsheet, letter to the editor and social media posts cited against Dana Newcomb are attached hereto as Exhibit C. "

31. By reason of he Article I Sanctions, the Plaintiffs are banned from participating in "party actions" for a period of four years without recourse.

32. On April 16, 2016, the Republican Tenth District Convention was held at Stone Bridge High School in Ashburn, Virginia. A copy of the call is attached as Exhibit D.

33. The business of the Republican Tenth District Convention included the election of three (3) District Delegates; the election of three (3) alternate District Delegates to the Republican National Convention (hereinafter "Republican National Convention") to be held on

7

July 18-21, 2016, at the Quicken Loans Arena in Cleveland, Ohio; and nominating a District Elector to be voted for in the presidential election on November 8, 2016.

34. On April 29-30, 2016, RPV held its 2016 Quadrennial Convention at the James Madison University Convocation Center in Harrisonburg, Virginia. A copy of the call is attached as Exhibit E.

35. The business of the Republican State convention included:

a. The election of thirteen (13) At-Large Delegates and thirteen (13) alternate National Delegates for the Republican National Convention; and

b. Nominating two Electors At-Large to be voted for in the presidential election on November 8, 2016.

36. Both Plaintiffs were elected as delegates to each of the RPV Tenth District Convention and the RPV State Convention at the FCRC Mass Meeting which occurred on March 8, 2016.

37. Despite having been elected as delegates by the FCRC Mass Meeting, before being permitted to participate and vote in the Tenth District Convention and in the Quadrennial Convention, the Plaintiff's must have their "credentials" reviewed by the credentials committee of the respective convention in meetings held at the conventions.

38. The credentials committee of the convention makes a report to the full convention of the delegates found eligible to participate in the convention before votes are cast. The convention votes on the report and the Delegates approved are allowed to participate.

39. Although the approval of delegates list sent from the credentials committee to the full convention is usually automatic, it is possible to challenge individual delegates to have them removed from the report sent to the convention floor for approval.

8

40.     As indicated in paragraphs 25 and 30, on April 19, 2016, Jo A.S. Thoburn, sent challenges to the 2016 RPV State Convention regarding both Plaintiffs herein. These State Convention challenges are separate from the challenges made at the Tenth District Convention and through the local committee.

41.     Plaintiff Jay Marts was denied credentials at both the Tenth District Convention and the State Convention, and Plaintiff Dana Newcomb was denied credentials at the Tenth District Convention.

42.     At the May 24, 2016 meeting of the FCRC, Richard Shickle, a member of the committee and a former Chairman of the Frederick County Board of Supervisors, made a "challenge" alleging the Plaintiffs and five others had violated Article I of the Party Plan and requesting they be banned from participating "in any party actions" and "membership on the committee." A copy of the meeting minutes is attached as Exhibit F.

43.     The Frederick County Republican Committee considered the challenge filed by Richard Shickle and declined to impose Article I sanctions.

44.     Mr. Schickle appealed the denial by the Frederick County Republican Committee to the Tenth District Republican Committee. A copy of the appeal is attached as Exhibit G.

45.     The Frederick County Republican Committee retained counsel who wrote the Tenth District Republican Committee requesting the opportunity to address the committee, but was not permitted to address the Committee. A copy of said letter dated July 23, 2016, is attached as Exhibit H.

46.     On July 25, 2016, the Tenth District Republican Committee heard the appeal and imposed Article I sanctions against ten people named in the appeal, including the Plaintiffs.

9

47.     No individual notice was given of the hearing by the Tenth District Republican Committee to any of the people named in the appeal, except the one member of the ten who was then a member of the Committee.

48.     On August 8, 2016, an appeal was made by the FCRC appealing the decision of the Tenth District Committee. A copy of the appeal is attached as Exhibit I.

49.     On August 27, 2016, the Republican State Central Committee heard an appeal of the decisions of the Tenth District Republican Committee, and upheld the actions of the Tenth District Republican Committee, exhausting Plaintiff's appeals within the RPV.

50.     Both Plaintiffs are residents of the Gainesboro Magisterial District. The office of Supervisor for the Gainesboro Magisterial District Mass Meeting will be on the November 7, 2017 ballot. A mass meeting has been scheduled for later this year to nominate a candidate. If only one candidate files, there will be no mass meeting and the filed candidate will be the nominee. If there is more than one candidate, a mass meeting will be held and the Plaintiffs will not be allowed to participate.

51.     The Virginia Board of Elections is charged with the responsibility to oversee the conduct of elections under Title 24.2 of the Code of Virginia.

52.     Pursuant to § 24.2-103 of the Code of Virginia, the Virginia Department of Elections "may petition a circuit court or the Supreme Court, whichever is appropriate, for a writ of mandamus or prohibition, or other available legal relief, for the purpose of ensuring that elections are conducted as provided by law."

53.     If Article I of the Plan is declared unconstitutional, RPV is not without remedies to discipline and remove errant party members.

54. The Plaintiffs do not challenge the authority of RPV to remove official committee members who commit acts of disloyalty.

55. Section C of Article VII – Official Committees General provides a process for removing an official committee member who makes a reportable contribution, allows his name to be publically used by a candidate running against a Republican nominee, makes a written statement of support of a candidate running opposed to a Republican nominee or becomes an officer of another political party.

56. The discipline process under Article VII for an official committee member begins with a petition signed by one-third of the official committee members brought before the official committee. An official committee member, so charged, is given thirty days to prepare his or her defense and can be removed only if there is a vote of two-thirds of the entire committee.

57. The difference between the Party Plan Article VII sanctions and Article I sanctions, is that, under Article VII, a removed member of an official committee can be reinstated at any time by majority vote and is not barred from participating in "party actions" listed in Article I.

58. Sections 24.2-508 and 24.2-509 of the Code of Virginia delegate to the political parties the power to determine the method of nominating candidates for office with limited exceptions.

59. When a political party chooses a party run nomination process rather than a state run primary, the political party, in nominating candidates, is acting under color of law.

<u>Injuries</u>

60. The Article I sanction imposed on the Plaintiffs violates the following Constitutional Rights:

a.  The First Amendment Right to Freedom of Speech in that Article I sanctions are an impermissible form of prior restraint;

b.  The First Amendment Right to Association with others in furtherance of political beliefs;

c.  The right to vote; and

d.  The right to seek elected office.

## Relief Sought

Plaintiffs, Jay L. Marts and Dana Newcomb, request the following relief:

(1)    For a temporary injunction prohibiting the Frederick County Republican Party from conducting any party run nomination process for the Gainesboro Magisterial District;

(2)    A declaration that Article I of the Republican Party Plan of Organization is unconstitutional;

(3)    That the Republican Party of Virginia be permanently enjoined from enforcing the sanctions or prohibitions contained in Article I of the Party Plan;

(4)    That the Plaintiffs be restored to membership on the Frederick County Republican Committee;

(5)    For a writ of mandamus or other order directing the Board of Elections to monitor the Republican Party of Virginia to prevent the enforcement of Article I of the State Party Plan under Section 24.2-103 of the Code of Virginia;

(6)    For an award of attorney's fees pursuant to 42 U.S.C. §1988 or any applicable statue or authority; and

(7)    Such other relief as this Court determines is just and proper.

Jay L. Marts and Dana Newcomb
By Counsel

12

13

Charles L. King, Esq.
VSB 29639
116 G Edwards Ferry Road
Leesburg, VA 20176
(703) 660-3500
(703) 669-3525 (fax)
charleskingesq@verizon.net
Counsel for Plaintiffs