**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 18-1472

JAY L. MARTS; DANA NEWCOMB,

    Plaintiffs - Appellants,

  v.

REPUBLICAN PARTY OF VIRGINIA, INC.; FREDERICK COUNTY REPUBLICAN COMMITTEE,

    Defendants - Appellees,

  and

EDGARDO CORTES, Commissioner Virginia Department of Elections (in his official capacity),

    Defendant.

Appeal from the United States District Court for the Western District of Virginia, at Harrisonburg. Elizabeth Kay Dillon, District Judge. (5:17-cv-00022-EKD)

Submitted: November 30, 2018    Decided: December 7, 2018

Before GREGORY, Chief Judge, DUNCAN, Circuit Judge, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Charles L. King, LAW OFFICES OF CHARLES L. KING, Leesburg, Virginia, for Appellants. Cortland C. Putbrese, Kevin T. Streit, Erick Poorbaugh, Richmond, Virginia, Eric L. Olavson, DUNLAP BENNETT & LUDWIG PLLC, Leesburg, Virginia, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Plaintiffs-Appellants Jay Marts and Dana Newcomb appeal the district court's dismissal without prejudice of their 42 U.S.C. § 1983 (2012) suit against the Republican Party of Virginia ("Party") and the Frederick County Republican Committee ("FCRC").[*] We affirm.

In their complaint, Plaintiffs alleged that the Party and the FCRC violated their First Amendment rights of speech and association and their right to vote by excluding them from participation in party actions, including the selection of party nominees for elective offices, after Plaintiffs publicly supported candidates opposing Republican candidates in violation of the Party's rules. The district court held that Plaintiffs failed to allege that the Party and FCRC—which are undisputedly private entities—acted under color of state law as required to state a claim under § 1983. *West v. Atkins*, 487 U.S. 42, 48 (1988) ("To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."); *see Cox v. Duke Energy Inc.*, 876 F.3d 625, 632 (4th Cir. 2017) ("[T]o be sued under § 1983, a defendant must either be a state actor or have a sufficiently close relationship with state actors such that a court would conclude that [it] is engaged in the state's actions." (internal quotation marks omitted)). The district court further determined that Plaintiffs'

---

[*] We conclude that the district court's order is final and appealable. *See Goode v. Cent. Va. Legal Aid Soc'y*, 807 F.3d 619, 623-24 (4th Cir. 2015).

failure to adequately plead a § 1983 claim deprived the court of subject matter jurisdiction.

Plaintiffs argue that, while Defendants are not state actors, they acted under color of state law in excluding Plaintiffs from participation in the Party's nomination process due to Virginia's regulation of the nomination process and grant of ballot access to the Party's nominees. We agree with the district court that Plaintiffs failed to allege that Defendants acted under color of state law and therefore, failed to state a claim under § 1983. *See Lucero v. Early*, 873 F.3d 466, 469 (4th Cir. 2017) (stating Fed. R. Civ. P. 12(b)(6) standard). We conclude, however, that the deficiency of Plaintiffs' § 1983 claim on the merits did not deprive the district court of subject matter jurisdiction over the case. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) ("Dismissal for lack of subject-matter jurisdiction because of the inadequacy of [a] federal claim is proper only when the claim is so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy." (internal quotation marks omitted)).

We therefore affirm the district court's dismissal without prejudice on the ground that Plaintiffs failed to state a claim upon which relief can be granted. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*